IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OSCAR ARDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 1:13cv786-MEF-TFM |
| | ) | (WO) |
| ANDY HUGHES, *et.al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

The plaintiff, Oscar Ardis ("Ardis"), who is proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983 on October 24, 2013 alleging that Andy Hughes, Houston County Sheriff and Douglas Valeska, District Attorney for Houston County violated his constitutional rights by arresting him and holding him in the Houston County jail for 32 days for "charges that had previously been resolved and dismissed by the court." *See* Complaint (Doc. 1 at p. 1). He brings a claim for violation of the double jeopardy clause of the Fifth Amendment of the U.S. Constitution and a common law claim for malicious prosecution. The District Judge referred this case to the Magistrate Judge for all pretrial proceedings and recommendation. (Doc. 3).

Now pending before the court is Defendant Douglas Valeska's Motion to Dismiss, as amended, filed November 22, 2013, (Docs. 12 and 14) and Defendant Andy Hughes' Motion for Summary Judgment filed December 18, 2013, (Doc. 22) and supporting brief

1

and exhibits filed December 18, 2013 (Doc. 23) to which Plaintiff filed a response with exhibits on April 10, 2014 (Doc. 35)  Also before the court is Plaintiff's Motion for Leave to Proceed filed March 31, 2014 (Doc. 31), which was filed in response to this court's Order noting the dismissal of two other similar actions filed by Plaintiff and asking Plaintiff to inform the court of his intent to proceed with the instant action.  (Doc. 30). The court has carefully reviewed the motion for summary judgment, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials and concludes that the motion is due to be granted.

## II.  SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.  This standard can be met by the movant, in a case in which the ultimate burden of persuasion at trial rests on the nonmovant, either by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating that the nonmovant's evidence itself is insufficient to establish an essential element of his or her claim.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Jeffery v Sarasota White Sox, Inc.,* 64 F.3d 590, 593 (11th Cir. 1995); *Edwards v. Wallace Cmty Coll.,* 49 F.3d 1517, 1521 (11th Cir. 1995).

The burden then shifts to the nonmovant to make a showing sufficient to establish the existence of an essential element of his claims, and on which he bears the burden of proof at trial.  *Id.*  To satisfy this burden, the nonmovant cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine

issue for trial.  FED. R. CIV. P. 56(e).

The court's function in deciding a motion for summary judgment is to determine whether there exist genuine, material issues of fact to be tried; and if not, whether the movant is entitled to judgment as a matter of law.  *See Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559 (11th Cir. 1987).  It is substantive law that identifies those facts which are material on motions for summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986); *See also DeLong Equip. Co. v. Washington Mills Abrasive Co.,* 887 F.2d 1499 (11th Cir. 1989).

When the court considers a motion for summary judgment, it must refrain from deciding any material factual issues.  All the evidence and the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant.  *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir. 1990). *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case.  *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983).

### III.  FACTS

Ardis was arrested by a Houston County Sheriff's deputy on August 9, 2013, pursuant to five outstanding arrest warrants issued by the Circuit Court of the 20th Judicial Circuit of the State of Alabama in Houston County. Although Ardis names Sheriff Andy Hughes as a defendant, Ardis makes no allegations that Sheriff Hughes ever had any contact with him or took any action against him.  Indeed, Sheriff Hughes denies that he

3

was "personally or directly involved in the factual events made the basis of Plaintiff's complaint." (Doc. 23, Ex.1, Affid of Sheriff Hughes at p.2).

According to the records, the five outstanding warrants were all Alias Warrants and were all issued as a result of the Plaintiff's failure to appear "on the charge of: Probation Rev[ocation]- Felony" relative to five separate criminal cases. (See Doc. 23 Ex. A- F). As the records reflect, about fourteen years after the alias warrants were originally issued, Circuit Judge Michael Conaway entered orders placing four of the five pending criminal court cases on his "administrative docket" until Ardis could be arrested. The official records of the Circuit Court of Houston County, Alabama demonstrate that Ardis was arrested pursuant to five facially valid Alias Warrants for his arrest and that he was held in the Houston County Jail until September 11, 2013, when he was released. (See Doc. 23 Ex. A- F and Ex. 2, Affid. Captain Keith Reed).

Following his arrest and while he was incarcerated, Ardis filed pro se motions dated September 9, 2013 in each of his five pending criminal cases "to withdraw my [his] appeal on [sic] cases CC99-125 through 129 and to set up a payment plan." (See Doc. 23 Ex. G and Ex. B-F). On September 10, 2013, Judge Conaway entered the following ORDER in each of Ardis' five pending circuit court criminal cases.

> Motion to Withdraw Appeal is hereby granted and case is remanded back to District Court for disposition. Defendant ordered to pay $50.00 per month beginning October 1, 2013 with each case paying off consecutively.

(See Doc. 23 Ex. H). Although the jail rules provide for an inmate Grievance Procedure, Ardis, while incarcerated, did not file any grievance concerning any matter. (See Doc. 23 Ex.2 Affid. Deputy Sheriff Keith Reed at p.2).

In his complaint Plaintiff alleges that his constitutional rights were violated on August 9, 2012 when he "was arrested and held in the Houston County Jail for charges that had previously been resolved and dismissed by the court." He further claims that he was "never shown an arrest warrant" nor advised of the reasons for his arrest. Upon his release, "32 days later" he claims that he was "ordered to pay for a case that have been dismissed and paid off" [sic]. (Doc. 1 at p. 2)

On the basis of these alleged facts, Ardis brings a claim for violation of the double jeopardy clause of the Fifth Amendment of the U.S. Constitution and a common law claim for malicious prosecution against Douglas Valeska, prosecutor and Andy Hughes, Houston County Sheriff. (Doc. 1 p. 1). In his complaint, Ardis seeks only monetary damages. (Doc. 1 p. 2). In his Motion for Leave to Proceed, however, Ardis advises the court of his intent "to pursue this action to protect him from furthur unlawful arrests and

detention." [sic].  (Doc. 31).

## IV.  DISCUSSION

Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GRJ Investments, Inc. v. County of Escambia, Fla,* 132 F. 3d 1359, 1369 (11th Cir. 1998) (citations omitted).  In his Complaint, Plaintiff clearly seeks only monetary damages.  (Doc. 1 p. 2).  However, based on his statement in his Motion for Leave to Proceed (Doc. 31), it is apparent that Plaintiff seeks relief from this court as to the state court's actions.  Thus, issuance of a decision in favor of Plaintiff on claims arising from actions of the state court would result in the granting of declaratory relief from those actions.

### A.  Attendant Declaratory Relief

1.  <u>Non-Final Orders</u>.  To the extent Ardis seeks relief from adverse decisions issued by the state court which are not yet final, he is due no relief from this court on such claims as there is an adequate remedy at law.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an

adequate remedy at law."). Specifically, Ardis may potentially request reconsideration by the trial court or seek relief from the state appellate court via direct appeal or other appropriate action. Since state law provides an adequate remedy for Ardis to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

    2. <u>Final Orders</u>. With respect to the claims presented by Ardis attacking the constitutionality of orders issued by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Ardis from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district

court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).  In light of the foregoing, the court concludes that dismissal of the requests for relief from final actions or non-final orders rendered by the state courts during proceedings related to the plaintiff's pending criminal cases is appropriate and that summary judgment is due to be granted on these claims.

### B.  Monetary Damages

1.  <u>District Attorney Douglas Valeska</u>  In his complaint, Ardis alleges no specific facts against Valeska to support his claims.  However, it is apparent to the court that the claims made against Valeska emanate from his representation of the State with respect to criminal proceedings before the Circuit Court of Houston County, Alabama.  The law is

clear; "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d 783, 788-89 (11th Cir. 1988).

The actions of Valeska about which the plaintiff complains relate to the role this defendant undertakes "as an 'advocate' for the state" and such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 160

9

F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Valeska is therefore "entitled to absolute immunity for that conduct." *Id.* Thus, summary judgment is due to be granted as to Ardis' request for monetary damages against Valeska.

    2. <u>Sheriff Andy Hughes</u>.

Although Ardis names Sheriff Andy Hughes as a defendant, Ardis makes no allegations that Sheriff Hughes ever had any contact with him or took any action against him. Indeed, Sheriff Hughes denies that he was "personally or directly involved in the factual events made the basis of Plaintiff's complaint." (Doc. 23, Ex.1, Affid of Sheriff Hughes at p.2). Moreover, Plaintiff's complaint does not contain any allegations of an affirmative causal link between Sheriff Hughes' and the alleged constitutional deprivation. *See Hardin v. Hayes,* 957 F.2d 845, 848 (11th Cir. 1992); and *Brown v. Crawford,* 906 F. 2d 667, 671 (11th Cir. 1990). In *Hardin*, the court held

> A supervisor maybe liable under section 1983 if he or she participates directly in acts constituting a constitutional violation, or if the challenged actions are causally connected to a constitutional violation. However, the record before us, viewed in the light most favorable to Hardin, reflects no action by Chief Morris that violated the Decedent's constitutional rights . . . Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability. Supervisory officials "cannot be held liable under section 1983 for having the 'mere right to control without any control or direction having been exercised.")

(Citations omitted)

It appears that Plaintiff is attempting to hold Sheriff Hughes directly liable for the alleged acts of one or more deputy sheriffs. Under § 1983, however, a supervisor may not be held liable for a constitutional violation on the basis of respondeat superior, but only by reason of his or her wrong behavior. *Fundiller v. City of Cooper City,* 777 F.2d 1436, 1443 (11th Cir. 1985). Plaintiff has presented no facts sufficient to hole Sheriff Hughes liable under Section 1983. Thus, the Court concludes that summary judgment is due to be granted in favor of Sheriff Hughes on Plaintiff's claims.

### C. Pending Criminal Charge

To the extent that Ardis presents claims which challenge the constitutionality of a criminal charge pending against him before the Circuit Court of Houston County, Alabama, these claims are due to be dismissed. Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Ardis has an adequate remedy at law regarding any claims attacking the

propriety of the pending criminal charge because he may pursue these claims through the state court system in the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact that Ardis must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from considering the merits of Ardis' claims which place into question the constitutionality of the criminal charges pending against him before the Circuit Court of Houston County, Alabama as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44.

## V. CONCLUSION

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant Douglas Valeska's Motion to Dismiss, as amended, filed November 22, 2013, (Docs. 12 and 14) and Defendant Andy Hughes' Motion for Summary Judgment filed December 18, 2013 (Doc. 22) be **GRANTED,** that this action be **DISMISSED** with prejudice and that all pending motions be **DENIED** as Moot.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **August 22, 2014.** Any objections filed must

specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

                                                DONE this 8th day of August, 2014.

                                                /s/Terry F. Moorer
                                                TERRY F. MOORER
                                                UNITED STATES MAGISTRATE JUDGE